# IN THE UNITED STATES CIRCUIT COURT
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| FRANK MARFO | : |
| | : |
| Appellant | : |
| | : |
| v. | :   Appeal No. 12-4910 |
| | : |
| UNITED STATES OF AMERICA | : |
| | : |
| Appellee | : |

### *CONSENT*
### MOTION TO EXCEED PAGE LIMITATION
### FOR APPELLANT'S OPENING BRIEF

Appellant, through undersigned counsel, with the consent of the Appellee, hereby requests the Court to grant him permission to exceed the usual 30 page limitation imposed by F.R.A.P. 32(a)(7). The Appellant's opening Brief is due June 10, 2013; a request to extend the time to June 17, 2013, is pending. If granted, this Motion will be filed, as required by Local Rule 32(b), more than 10 days before the Brief is due.

    1. In accordance with Local Rule 27(a), undersigned counsel contacted Jack F. Purcell, Jr., A.U.S.A., who has consented to the relief sought by the Appellant herein.

    2. This appeal arises out of the conviction of the Appellant for Murder-for-Hire in violation of 18 U.S.C. 1958(a) and Murder of a Witness resulting in death in violation of 18 U.S.C. 1512(a)(1)(C), (3)(A) and (k).

3. The Appellant was convicted on the testimony of the co-conspirators who, including the triggerman, negotiated deals where they will likely serve 35 years instead of mandatory life without parole. Although the Appellant is not raising the issue of the sufficiency of the evidence, he needs extra room to fully articulate his arguments on appeal because he must rely on the plain error doctrine; trial counsel made very few objections and failed to object on the most viable appellate issues. The issues being raised by the Appellant are set forth in EXHIBIT 1.

4. Undersigned counsel needs an additional 15 pages to fairly set out the factual record and to effectively set out the legal arguments available from the extensive record (eight days of trial and multiple motions dates).

5. Undersigned counsel will, of course, continue to endeavor to file the most concise Brief as possible.

**WHEREFORE,** the Appellant requests an permission to exceed the 30 page limitation for his opening Brief by no more than 15 pages.
the Response Brief to file a Reply Brief.

-2-

                                         Respectfully submitted,

                                               */S/*
                                       Kenneth E. McPherson
                                       *Attorney for Appellant*
                                       6801 Kenilworth Avenue
                                       Suite 202
                                       Riverdale, Maryland  20737
                                       (301) 277-4727
                                       kemcpherson@verizon.net

## **CERTIFICATE OF SERVICE**

    This certifies that on 6th day of June, 2013, a copy of the foregoing was served electronically through the CM/ECF system of the U.S. Court of Appeals for the Fourth Circuit to all counsel of record, and that a paper copy was mailed, postage prepaid for first-class delivery to:

Jack F. Purcell, Jr., A.U.S.A. (*Attorney for Appellee*)
**Office of the United States Attorney**
36 S. Charles Street

Fourth Floor
Baltimore, MD 21201

                                              */S/*
                                       Kenneth E. McPherson

**IN THE UNITED STATES CIRCUIT COURT**
**FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| FRANK MARFO | : | |
| | : | |
|     Appellant | : | |
| | : | |
| v. | : | Appeal No. 12-4910 |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
|     Appellee | : | |

# EXHIBIT 1

Issues and some case law that will be presented in the Appellant's opening Brief.

I. The district court plainly erred when it allowed the government to present evidence of Davis' prior statements to one of his many lawyers because the statements to this lawyer did not precede his motive to fabricate and the court instructed the jury that it could consider the statement even if it did not precede his reason to fabricate.

    a. The district court is required to determine if Davis' statement to Murphy preceded Davis' motive to fabricate his implication of Marfo and the statements did not do so.

        i. *Tome v. United States*, 513 U.S. 150 (1995) – error for court to admit prior consistent statements made after motive to fabricate

        ii. *United States v. Acker*, 52 F.3d 509 (4th Cir. 1995)

        iii. *United States v. Bolick*, 917 F.2d 135 (4th Cir. 1990) – prior consistent statement must come after impeachment that argues a motive for recent fabrication.

    b. Even if the district court is not required to determine if the statements preceded Davis' reason to fabricate, it is required to instruct the jury correctly about the law of prior consistent statements, and it did not because it allowed them to consider the statement even if it did not precede the motive to fabricate.

       i. Fed. R. Evid. 801(d)(1)(B)

II. The district court erred when it allowed the Office of the United States Attorney to present evidence of its integrity to bolster its case.
   a. *Cargle v. Mulin*, 317 F.3d 1196, 1218 (10th Cir. 2003) – error for prosecutor to argue that his office did not prosecute innocent people.
   b. *United States v. Frederick*, 78 F.3d 1370, 1380 (9th Cir. 1996) – error for prosecutor to portray himself as an ally of the court.
   c. *Floyd v. Meachum*, 907 F.2d 347, 354-55 (2d Cir. 1990) – error for prosecutor to request the jury consider his own integrity and ethics before deliberating.
   d. *United States v. Gallardo-Trapero*, 185 F.3d 307, 319 (5th Cir. 1999) – error for prosecutor to argue that he would not risk his career by committing perjury.
   e. Prosecutor may rebut defense arguments that question his integrity.
      i. *United States v. Tocco*, 135 F.3d 116, 130 (2d Cir. 1998) – not error for prosecutor to place his credibility at issue when it was a fair response to defense's attacks on his credibility in closing.

III. The district court plainly erred when it instructed the jury that the government had presented plenty of circumstantial evidence because it dismissed Marfo's argument that the government had not presented enough circumstantial evidence.
   a. *Wallace v. U.S.* 281 F.2d 656, 665-666 (4th Cir. 1960)
   b. *Starr v. United States*, 153 U.S. 614, 626
   c. *Hickory v. United States*, 160 U.S. 408, 421-423
   d. *U.S. v. Parodi*, 703 F.2d 768, 775 (4th Cir. 1983)
   e. But the Court will look at the trial as a whole and not isolated comments
      i. *U.S. v. Parodi*, 703 F.2d 768, 775 (4th Cir. 1983)

IV. The district court plainly erred when it allowed the government to present many instances of Marfo's prior bad acts because they were not relevant to the charges against him and invited the jury to convict him based on propensity evidence.
   a. *United States v. Moore*, 375 F.3d 259 (3d Cir. 2004) – court found plain error when govt introduced evidence of drugs, DV, and child abuse in prosecution for arson and gun possession.

- b. *United States v. Carrasco*, 381 F.3d 1237 (11th Cir. 2004) – reversible error when govt did not give pretrial notice of 404(b) evidence
- c. *Chrstler Int'l Corp. v. Chemaly*, 280 F.3d 1358 (11th 2002) – error to admit evidence of fraudulent alteration of lading bills in a suit seeking money illegally funneled into directors' accounts because fraud involving source of funds is different than fraud involving diverting funds.
- d. *United States v. Haywood*, 280 F.3d 715 (6th Cir. 2002) – error to admit evidence of prior conviction for possessing 1.3 grams of crack in prosecution for PWID crack because a possessor will not necessarily intend to distribute.
- e. *United States v. Murray*, 103 F.3d 310 (3d Cir. 1997) – in prosecution for murder, the trial court erred in admitting evidence that the defendant had killed someone before because the similarities between the two killings were insufficient to make the first killing relevant on the issue of identity

1. Compare to evidence of wanting to kill witness in prior prosecutions.

   b. *United States v. Blackstone, 56 F.3d 1143 (9th Cir. 1995) – where defendant was charged with gun possession, trial court erred in admitting evidence of defendant's methamphetamine recipes and marijuana for personal use; while evidence of drug trafficking has been held to be relevant to the possession of a firearm, the court found that evidence of marijuana for personal use was not authorized; resulting prejudice to defendant outweighed the probative value*

II. The district court erred when it allowed the government to make disparaging remarks about defense counsel because they were calculated to criticize his efforts to protect his client and prejudiced his right to object.
   a. *Bates v. Bell, 402 F.3d 635, 647 (6th Cir. 2005) – error to allow prosecutor to make disparaging remarks to defense's objections.*
   b. *United States v. Ollivierre, 378 F.3d 412, 417, 421 (4th Cir. 2004)*

III. The district court plainly erred when it gave multiple incorrect jury instructions
   a. *The district court plainly erred because it coerced the jury into reaching a verdict when it instructed the jury that they owed a verdict and did not instruct them that they should keep their firmly-held beliefs.*
      i. *United States v. Burgos, 55 F.3d 933, 935-36 (4th Cir. 1995)*
      ii. *Allen v. United States, 164 U.S. 492 (1896)*
   b. *The district court plainly erred when it instructed the jury that it could consider a false alibi because it was not supported by the evidence and that it could only find a guilty motive for a false alibi because a false alibi can be consistent with innocence as well.*
      i. *United States v. Obi, 239 F.3d 662, 665-66 (4th Cir. 2001)*

−6−

## IN THE UNITED STATES CIRCUIT COURT
## FOR THE FOURTH CIRCUIT

| | |
|---|---|
| FRANK MARFO | : |
| | : |
|    Appellant | : |
| | : |
| v. | :  Appeal No. <u>12-4910</u> |
| | : |
| UNITED STATES OF AMERICA | : |
| | : |
|    Appellee | : |

**ORDER GRANTING APPELLANT**
**PERMISSION TO EXCEED PAGE LIMITATION IN OPENING BRIEF**

UPON CONSIDERATION of the Appellant's Motion to Exceed Page Limitation for Opening Brief, and with the consent of the Appellee, for good cause shown, it is this _____day of _____, 2013, by the United States Court of Appeals for the Fourth Circuit,

**ORDERED**, that said Motion is hereby GRANTED; the Appellant's opening brief may exceed the page limitation imposed by F.R.A.P. 32(a)(7) by no more than 15 pages.

_____
J U D G E

cc:

    Kenneth E. McPherson, Esquire (*Attorney for Appellant*)

    6801 Kenilworth Avenue

    Suite 202

    Riverdale, Maryland 20737

    Jack F. Purcell, Jr., A.U.S.A. (*Attorney for Appellee*)
    Office of the United States Attorney
    36 S. Charles Street

    Fourth Floor
    Baltimore, MD 21201